**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN THE MATTER OF ADMINISTRATIVE SUBPOENA 25-1431-032 | Civil Action No. 4:26-MC-0006-O |

**APPENDIX IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL**

| Exhibit No. | Description | Appendix No. |
|---|---|---|
| 1 | Declaration of Glenn R. Friedemann, Esq. | App. 4 – App. 7 |
| 2 | Email Exchange Related to Administrative Subpoena | App. 8 – App. 10 |
| 3 | Location of Enforcement & Affirmative Litigation Branch Office | App. 11 – App. 12 |
| 4 | Declaration of Dr. Phyllis Dennery, M.D. | App. 13 – App. 16 |
| 5 | Declaration of Dr. Abigail Donaldson, M.D. | App. 17 – App 21 |

Dated: May 6, 2026

Respectfully submitted,

*/s/ Mindy M. Sauter*
Mindy M. Sauter
Texas Bar No. 24033114
MCGUIREWOODS LLP
2601 Olive Street
Suite 2100
Dallas, Texas 75201
T: (469) 372-3916
F: (214) 273-7470
msauter@mcguirewoods.com

Eric G. Olshan (*Pro Hac Vice* pending)
MCGUIREWOODS LLP
Tower Two-Sixty, 260 Forbes Avenue
Suite 1800

App. 1

Pittsburgh, PA 15222
T: (412) 667-6000
F: (412) 667-6050
eolshan@mcguirewoods.com

Kathryn M. Barber (*Pro Hac Vice* pending)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
T: (804) 775-1227
F: (804) 698-2227
kbarber@mcguirewoods.com

App. 2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Appendix in Support of Emergency Motion for Stay Pending Appeal was filed electronically with the clerk of court via ECF, which will provide electronic service on all counsel of record.

Dated: May 6, 2026                               */s/ Mindy M. Sauter*
                                                  Mindy M. Sauter

App. 3

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| IN THE MATTER OF ADMINISTRATIVE SUBPOENA 25-1431-032 | Civil Action No. 4:26-MC-0006-O |

## DECLARATION OF GLENN R. FRIEDEMANN, ESQ.

I, Glenn R. Friedemann, declare as follows:

1.      I am the Associate General Counsel in the Office of the General Counsel for Brown University Health ("Brown Health"). I have been in this role for 20 years. In this role, I have supervised matters related to the Health Insurance Portability and Accountability Act Subpoena No. 25-1431-032 ("the Subpoena") issued to Rhode Island Hospital ("RIH").

2.      Brown Health is a not-for-profit health system based in Providence, Rhode Island. Brown Health is organized as a Rhode Island nonprofit corporation (IRS 501(c)(3)) and has been domiciled in the state of Rhode Island since its formation. Brown Health is the parent organization of RIH.

3.      Brown Health's corporate offices are located at 15 Lasalle Sq., Providence, Rhode Island, 02903.

4.      RIH's principal place of business is 593 Eddy Street, Providence, RI 02903. The vast majority of RIH's hospitals, clinics, and patient care sites are located in Rhode Island. RIH has two community hospital affiliates that operate in Fall River, Massachusetts, and Taunton, Massachusetts.

App. 5

5.    All of Brown Health's and RIH's corporate functions—such as legal, communications, human resources, and finance operations—are carried out from Providence, Rhode Island.

6.    RIH provides gender-affirming care through the Gender and Sexuality Program at Hasbro Children's Hospital, which is the pediatric division of RIH. Hasbro Children's Hospital primary place of business is 593 Eddy St, Providence, RI 02903.

7.    On July 9, 2025, RIH was served with the Subpoena by the Department of Justice. The Subpoena included request for production with a return date of August 7, 2025, at the Department of Justice's office in Washington, D.C.

8.    On July 9, 2025, counsel for the Government contacted me by phone about the Subpoena. On that call, counsel for the Government informed me that it did not believe that RIH had engaged in any criminal wrongdoing.

9.    The Court's April 30, 2026, Order requires compliance with the Subpoena within a 14-day period, by May 14, 2026.

10.    Full compliance with the Subpoena by May 14 is not possible. The data is not hosted in a manner that can be easily collected or reviewed. The data must be collected from disparate platforms (including legacy platforms) and hard copy sources, processed, de-duplicated, and reviewed for privilege and confidentiality. This process alone will take several months.

11.    Moreover, many of the custodians whose documents are required are actively practicing medical providers who care for patients daily. Every hour they spend identifying documents, reviewing materials, meeting with counsel, and engaging in other activities necessary to comply with the Subpoena detracts from their ability to administer patient care.

12.     Finally, to protect its patients' privacy, RIH is exploring ways in which it can anonymize its patient records before any production.  The Department of Justice has agreed to accept anonymized patient records in other litigation involving similar subpoenas.  However, the process of anonymization is burdensome and will take several months to complete.

13.     Accordingly, full compliance with the Subpoena will carry an irreparable monetary harm of millions of dollars that RIH will be unable to recover if the Subpoena is found invalid.

14.     RIH will retain and protect all responsive materials pending a determination in this matter.

15.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  MAY 6, 2026

/s/ _____

Glenn R. Friedemann, Esq.

App. 7

# EXHIBIT 2

| From: | Gunn, David L (CRM) |
|---|---|
| To: | Narver, Clint |
| Cc: | Olshan, Eric G.; Shahane, Rhea T.; Dahlquist, Scott B (CIV); Campbell, Jordan C (CIV); Goldstein, Ross (CRM); Runkle, Patrick; Scott, Steven R (CRM) |
| Subject: | RE: Rhode Island Hospital / Production of Search Terms |
| Date: | Thursday, April 30, 2026 6:10:21 PM |
| Attachments: | 2026.04.30 - Rhode Island - USA Petition for Enforcement (FILED).pdf |
| | 2026.04.30 - Rhode Island - Ex. A.pdf |
| | 2026.04.30 - Rhode Island - Ex. B.pdf |
| | 2026.04.30 - Rhode Island - Ex. C.pdf |
| | 2026.04.30 - Rhode Island - Proposed Order.pdf |

**EXTERNAL EMAIL; use caution with links and attachments**

Clint,

No immediate need to connect now.  I had hoped to talk before we filed the attached.  I'm sure we will discuss soon.


Best,

David


**From:** Narver, Clint <cnarver@mcguirewoods.com>
**Sent:** Wednesday, April 29, 2026 5:11 PM
**To:** Gunn, David L (CRM) <David.L.Gunn@usdoj.gov>; Dahlquist, Scott (CIV) <Scott.Dahlquist2@usdoj.gov>
**Cc:** Olshan, Eric G. <eolshan@mcguirewoods.com>; Shahane, Rhea T. <rshahane@mcguirewoods.com>
**Subject:** [EXTERNAL] RE: Rhode Island Hospital / Production of Search Terms


David,

We are happy to connect.  Would Monday of next week work?

Thanks.

Clint


**Clint Narver**

Partner

McGuireWoods LLP

T:  +1 202 857 2481 | M: +1 703 403 0618

cnarver@mcguirewoods.com


**From:** Gunn, David L (CRM) <David.L.Gunn@usdoj.gov>
**Sent:** Tuesday, April 28, 2026 10:36 AM

App. 9

**To:** Narver, Clint <cnarver@mcguirewoods.com>; Dahlquist, Scott B (CIV) <Scott.Dahlquist@usdoj.gov>
**Cc:** Olshan, Eric G. <eolshan@mcguirewoods.com>; Shahane, Rhea T. <rshahane@mcguirewoods.com>
**Subject:** RE: Rhode Island Hospital / Production of Search Terms

**EXTERNAL EMAIL; use caution with links and attachments**

Good morning Clint and Eric,

I've been out a few weeks and hope all is well.  In reviewing our production charts, it does not appear we have received any productions from your client in light of your search terms below.  (In fact, it appears the one and only production was in August 2025).  Can we conference this week regarding status?

**From:** Narver, Clint <cnarver@mcguirewoods.com>
**Sent:** Wednesday, February 4, 2026 10:52 AM
**To:** Gunn, David L (CRM) <David.L.Gunn@usdoj.gov>; Dahlquist, Scott B (CRM) <Scott.B.Dahlquist@usdoj.gov>
**Cc:** Olshan, Eric G. <eolshan@mcguirewoods.com>; Shahane, Rhea T. <rshahane@mcguirewoods.com>
**Subject:** [EXTERNAL] Rhode Island Hospital / Production of Search Terms

David and Scott,

Following up on our recent call, please see the attached correspondence.

Best,

Clint

**Clint Narver**
Partner
McGuireWoods LLP
T:  +1 202 857 2481 | M: +1 703 403 0618
cnarver@mcguirewoods.com

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

App. 10

# EXHIBIT 3



# Contact Enforcement & Affirmative Litigation Branch

By U.S. Postal Service:

>   Enforcement & Affirmative Litigation Branch
>   U.S. Department of Justice
>   Civil Division
>   950 Pennsylvania Avenue, N.W.
>   Washington, DC 20530-0001

*Note: Electronic media should not be sent to the Enforcement & Affirmative Litigation Branch using the U.S. Postal Service.*

To make alternate arrangements for the delivery of electronic media or other items, please contact the attorney assigned to your case.

*Updated October 1, 2025*

 U.S. Department of Justice

Civil Division

950 Pennsylvania Avenue NW

Washington DC 20530-0001

Civil.Feedback@usdoj.gov

 Phone: 202-514-2000

App. 12

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN THE MATTER OF
ADMINISTRATIVE SUBPOENA 25-
1431-032

Civil Action No. 4:26-MC-0006-O

**DECLARATION OF DR. PHYLLIS DENNERY, M.D.**

I, Dr. Phyllis Dennery, declare as follows:

1.     I am the chief of pediatrics for Brown University Health ("Brown Health") and pediatrician-in-chief for Rhode Island Hospital.  I have served in this role for 11 years.

2.     RIH provides comprehensive, multi-disciplinary gender-affirming care in Rhode Island, including through the Gender and Sexuality Program at Hasbro Children's Hospital, which is the pediatric division of RIH.  Hasbro Children's Hospital's primary place of business is 593 Eddy St, Providence, RI 02903.

3.     I understand that the Department of Justice (the "Government") issued a subpoena (the "Subpoena") to RIH in July 2025, and that the Subpoena requests production of medical records and confidential personal information concerning minor patients who received gender-affirming care at RIH.

4.     The Government's request for patient information will have detrimental effects that will impact the entire RIH patient population, their families, and the broader community.

5.     The patient-physician relationship is essential in helping people to live healthy, productive lives. The cornerstone of that relationship is confidentiality. Patients seek medical care from RIH with the understanding that RIH will maintain the confidentiality of their highly sensitive and private medical records and personal information.

App. 14

6.      Trust is critical to the patient-physician relationship, especially for minor patients seeking gender-affirming care, who may experience harassment, bullying, and other traumatic events if private information about their care were to be disclosed outside the patient-physician relationship. Trust between a physician, patient, and the patient's family members allows for open, honest, and thorough discussion of a patient's medical conditions, questions, concerns, and potential treatment plans.

7.      Production of a patient's medical records, name, Social Security number, and/or home address in response to the Subpoena will result in identification of the patient and disclosure of the patient's most intimate and personal details to the Government.  Such disclosure could cause severe emotional distress for the patient and their family and could expose the patient and their family to the possibility of harassment, discrimination, and violence, especially if that information was leaked to the public.

8.      Disclosure of minor patients' highly sensitive and private medical could have a chilling effect on these patients, decreasing the likelihood that an already vulnerable class of patients will continue to seek medical care. Moreover, any patients who do continue to seek medical care are likely to be reluctant to disclose sensitive information out of fear of similar government requests.

9.      The disclosure of patient records to the Government, accordingly, would undermine the trust that patients have in their doctors, eroding the patient-physician relationship and making it more difficult for medical providers to accurately diagnose and provide effective medical care to patients.

10.     The patient's privacy would not be protected by simply redacting the patient's name or address from records, as patients typically disclose other personally identifiable information to

App. 15

their providers—such as their relationships in school, parents' occupations, and extra-curricular activities—during their care.

11. For all the reasons above, I believe that disclosure of the patients' medical records pursuant to the Subpoena would cause irreparable harm to the patients. I also believe that disclosure of patients' medical records pursuant to the Subpoena will irreparably harm the relationship between patients and medical care providers at RIH, which is based on trust and confidentiality.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 05/06/2026           /s/_____

                            Dr. Phyllis Dennery, M.D.

App. 16

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN THE MATTER OF
ADMINISTRATIVE SUBPOENA 25-
1431-032

Civil Action No. 4:26-MC-0006-O

**DECLARATION OF DR. ABIGAIL DONALDSON, M.D.**

I, Dr. Abigail Donaldson, declare as follows:

1.      I am the division director of the Adolescent Medicine Division of Hasbro Children's at Rhode Island Hospital (RIH). I have served in this role for 5 years.

2.      RIH provides comprehensive, multi-disciplinary gender-affirming care in Rhode Island, including through the Gender and Sexuality Program at Hasbro Children's Hospital, which is in the pediatric division of RIH.  Hasbro Children's Hospital's primary place of business is 593 Eddy St, Providence, RI 02903.

3.      As part of its gender-affirming care services for minors, RIH uses a patient-centered, consent-based process to better understand its patients' gender and sexual health care needs and goals. The range of services it provides includes thorough medical and psychosocial evaluations, initiation and continuation of gender care and hormone therapy, and referrals to other providers and community resources.

4.      I understand that the Department of Justice (the "Government") issued a subpoena (the "Subpoena") to RIH in July 2025, and that the Subpoena requests production of medical records and confidential personal information concerning minor patients who received gender-affirming care at RIH.

App. 18

5.      A minor patient who receives gender-affirming care at RIH, along with that patient's parents or guardian, typically meet with one or more RIH providers and collaborating medical professionals over the course of multiple visits.  No minor is seen at RIH for gender-affirming care without the knowledge and consent of their parent or legal guardian.

6.      Throughout those visits and in related communications, the patient discloses private information about their mental health, sexual health, and fertility; information about relationships in school, parents' occupations, and neighborhood; names of families and friends, family medical history, any involvement with Rhode Island Department of Children, Youth, and Families or other state agencies; and more.  All such disclosures are made to RIH for purposes of diagnosing and treating the patient.

7.      During the course of the patient's care, the patient, along with the patient's parents, typically discuss a recommended treatment plan and any concerns about the treatment plan privately with the patient's provider. Each patient has a uniquely tailored care plan based on their mental health and medical assessments.

8.      If medical treatment is being considered, and especially gender affirming hormone treatment, the assessment process includes a thorough medical and psychosocial evaluation of the patient, which includes (but is not limited to) evaluating the patient's physical function, cognitive abilities, communication skills, emotional functioning, and capacity for decision-making.

9.      No medical treatments will begin until after informed consent is obtained from the parent(s)/legal guardian(s) with medical decision-making authority over the minor patient, and the minor patient provides their consent.

App. 19

10.     Part of a patient's medical treatment plan may include taking hormonal medications. A provider, in consultation with the patients and their families, will determine which medications best serve the medical needs of the patient.

11.     The patient-physician relationship is sacred and fundamental. Confidentiality is central to that relationship. Patients seek medical care from RIH with the understanding that RIH will keep their highly sensitive and private medical records and personal information confidential.

12.     Production of a patient's medical records, name, Social Security number, and/or home address in response to the Subpoena will result in identification of the patient and disclosure of the patient's most intimate and personal details to the Government. Any such disclosure could cause severe emotional distress for the patient and family members and expose the patient and family members to the possibility of bullying, harassment, discrimination, and violence.  Moreover, disclosure of this information will curtail the likelihood that an already vulnerable population of individuals will receive the care they need.  The chilling effect caused by disclosure of patient records could also extend beyond gender-affirming care treatment to other aspects of medical care, such as mental health treatment, preventative care, emergency care, and other subspecialty care.

13.     The patient's privacy would not be protected by simply redacting the patient's name or address from records, as patients typically disclose other personally identifiable information to their providers—such as their relationships in school, parents' occupations, and extra-curricular activities—during their care.

14.     For all the reasons above, I believe that disclosure of the patients' medical records would cause irreparable harm to the patients.  I also believe that disclosure of patients' medical records will irreparably harm the relationship between patients and medical care providers at RIH, which is based on trust and confidentiality.

App. 20

15.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 5|6|26

/s/ _____

Dr. Abigail Donaldson, M.D.

App. 21