**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **IN THE MATTER OF** | § | **SEALED AND EX PARTE** |
| **ADMINISTRATIVE SUBPOENA 25-** | § |  |
| **1431-032** | § |  |
|  | § |  |
|  | § |  |
|  | § | **Civil Action No.  4:26-MC-00006-O** |
|  | § |  |
|  | § |  |

## ORDER

Before the Court is the Government's Supplemental Emergency Petition to Disclose the Existence of a Grand Jury Investigation (ECF No. 16). The Government represents that the Rhode Island District Court has ordered the Government to disclose to counsel for Rhode Island Hospital, a party to this action, by 8:00 AM CT tomorrow a copy of the Hsiao declaration[1] redacted only for law enforcement privilege and notice of when the Northern District of Texas grand jury was convened and when the first witness in this matter was before it. All of those things are matters underlying this case, pending before the undersigned.

Based on the Government's representation, the Rhode Island court has not indicated what, if any, protections these documents would receive. Further, it is not clear why this sealed or protected information should be provided to Rhode Island Hospital when this Court has determined it should not be provided. Nor is it clear why, if it is entitled to it, Rhode Island Hospital has not sought disclosure of the subject information in this Court.

The Supreme Court has consistently recognized that the proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings. *See Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure 6(e) which strictly

---

[1] *See* ECF No. 10-1

governs grand jury disclosure "require[s] a district court to hew strictly to the list of exceptions to grand jury secrecy." *McKeever v. Barr*, 920 F.3d 842, 846 (D.C. Cir. 2019). None of those exceptions seem to apply here. Generally, parties seeking grand jury information under Rule 6(e) must show (1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only material so needed. *Douglas Oil*, 441 U.S. at 22.

The Court granted the Government's previous motion to disclose information related to the grand jury's existence because the Government specified that such information would be confined to *in camera* review by the Rhode Island court. That disclosure permitted the Government to disclose to the Rhode Island court that there is a legitimate investigation pending in this district, and responsive documents are due. Indeed, the Court has concluded as such, granted the Government's motion to enforce an administrative subpoena, and is superintending this matter.[2] Were Rhode Island Hospital entitled to further sealed or secret information it may always move this Court for such access upon a proper showing.

However, the Government now seeks to disclose sensitive information to a party here—but in a seemingly parallel litigation—without having shown why the sealed or protected matters should be provided to it nor how that information would be protected. In fact, the Government's representation that it does not know what protections the information related to the grand jury proceedings or sealed information in the matter pending here will receive in the Rhode Island court cuts against disclosing it. In light of grand jury proceedings' dependency on heightened secrecy, the basis for sealing declarations, and the Government's failure to show that the information that

---

[2] *See* ECF No. 2.

it requests leave to disclose would be protected, the Court would be derelict in its obligation to hew strictly to Rule 6(e)'s exception, and undermine the reasons given for sealing, by granting the Motion as requested.

Accordingly, it is **ORDERED** that the Government is prohibited from revealing any further sealed information or information concerning the grand jury investigation until it can show that "a particularized need" exists for the materials that outweighs the basis for and policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)). The Government shall immediately distribute this Order to all members within or connected to this investigation, notifying them of the prohibitions set out herein and their obligation to comply with them. The Government may distribute a copy of this Order to the Rhode Island court.

**SO ORDERED** on this **12th day** of **May, 2026.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**