# Exhibit B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In Re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital | Misc. Action No. 1:26-mc-00007-MSM-AEM <br><br> **EMERGENCY MOTION FOR CLARIFICATION** <br><br> **REQUEST FOR EXPEDITED RELIEF PURSUANT TO LR CV 9** |

Rhode Island Hospital (RIH) respectfully moves this Court for clarification of its May 13, 2026, Memorandum and Order, ECF No. 38, granting the Emergency Motions to Quash Administrative Subpoena 25-1431-032 filed by RIH, ECF No. 28, and the Child Advocate for the State of Rhode Island, ECF No. 1. Because of an apparent inconsistency in the Order, RIH moves the Court to clarify the scope of the injunction entered against the Department of Justice (DOJ).

The Court granted the Emergency Motions to Quash in full and on three "independent grounds." Order at 24. The Court concluded that "the subpoena itself lacks a congressionally authorized purpose, was issued for an improper purpose, and demands the production of records that cannot be obtained consistent with the constitutional privacy rights of Rhode Island children." *Id.* at 23-24. The Court thus quashed the subpoena in its entirety, meaning the entire subpoena—and every constituent request—is invalid and unenforceable. *Id.* at 23.

The Court also entered an injunction against the DOJ. *See id.* at 2, 24. The Order initially outlines this injunctive relief consistent with full quashal—i.e., "enjoin[ing] the DOJ from seeking or receiving *any* documents related to this now invalid subpoena." *Id.* at 2 (emphasis added).

The Order later states this relief differently with an emphasis on certain types of information and records responsive to the subpoena:

> the DOJ is hereby ENJOINED from receiving, using, retaining, or disseminating any patient-identifying information or protected health information produced by RIH in response to Administrative Subpoena No. 25-1431-032, including all materials responsive to Requests 11 through 15 and any other materials that identify, or reasonably permit the identification of, Rhode Island's children.

*Id.* at 24.  The injunctive relief described on page 24 could be read to be narrower than the fulsome relief stated on page 2.  (And of course, RIH fully expects that the DOJ will try to use any ambiguity, however tenuous, to its advantage.)

But such a reading would not accord with the Court's finding that the entire subpoena is invalid.  Only the language on page 2, "enjoin[ing] the DOJ from seeking or receiving any documents related to this now invalid subpoena," fully accords with that conclusion and the Court's quashal of the entire subpoena.

To address this potential discrepancy and clarify that the DOJ is without authority to enforce the now-invalid subpoena in any respect, RIH requests that the Court clarify the language on page 24 of its Order to maintain consistency with the earlier language on page 2.  *See* Fed. R. Civ. P. 65(d)(1)(B), (C) (requiring specificity and reasonable detail in injunctive orders); Fed. R. Civ. P. 60(a) (permitting corrective orders).

To that end, RIH respectfully suggests the following clarifying language on page 24:

> The DOJ is hereby ENJOINED from seeking, demanding, receiving, using, retaining, or disseminating any records responsive to Administrative Subpoena No. 25-1431-032, including documents containing patient-identifying information or protected health information, and any other materials that identify, or reasonably permit the identification of, Rhode Island's children or any other minors in the care of RIH.

Given the many exigencies in this matter, RIH respectfully requests that the Court rule on this Motion for Clarification by **May 14, 2026, at 12:00 p.m.**

2

Dated: May 14, 2026

Respectfully submitted,

*/s/ Stacey P. Nakasian*
Stacey P. Nakasian (#5069)
Duffy & Sweeney, a Division of
Stevens & Lee
321 South Main Street
Suite 400
Providence, R.I. 02903
(401) 455-0700
Stacey.Nakasian@stevenslee.com

Eric G. Olshan (admitted *pro hac vice*)
MCGUIREWOODS LLP
260 Forbes Ave., Ste. 1800
Pittsburgh, PA  15222
T: (412) 667-7941
F: (412) 667-7991
eolshan@mcguirewoods.com

Kathryn M. Barber (admitted *pro hac vice*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal St.
Richmond, VA 23219
T: (804) 775-1227
F: (804) 698-2227
kbarber@mcguirewoods.com

*Attorneys for Rhode Island Hospital*

Case 1:26-mc-00007-MSM-AEM   Document 41   Filed 05/14/26   Page 4 of 4 PageID #:
Case 4:26-mc-00006-O   Document 19-2   Filed 05/14/26   Page 5 of 5   PageID 268
1026

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notice in this matter.

Dated: May 14, 2026                                           */s/ Stacey P. Nakasian*