**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **IN THE MATTER OF ADMINISTRATIVE SUBPOENA 25-1431-032** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.  4:26-MC-00006-O** |

## <u>ORDER</u>

In the Northern District of Texas, Fort Worth division the Department of Justice is carrying on a nationwide investigation into potential violations of the Federal Food, Drug, and Cosmetic Act ("FDCA").[1] On July 9, 2025, as part of that nationwide investigation, the Department of Justice served an administrative subpoena on Rhode Island Hospital ("RIH"), with a return date of August 7. The Government issued the subpoena pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 18 U.S.C. § 3486, to "investigate Federal health care offenses."[2]

Over the ensuing roughly nine meonths, RIH produced one six-page document. RIH did not otherwise move to quash the subpoena or make any other attempt to explain non-compliance. It did seek the Government's views on proposed search terms and received no response. On April 30, 2026, the Government moved to enforce the subpoena in this Court.

After reviewing the petition, the Court concluded that the subpoena had a legitimate inquiry, the records sought were relevant and therefore entered an order enforcing the subpoena (the "Enforcement Order"). RIH filed a notice of appeal and moved this Court to stay its order

---

[1] *See generally* Hsiao Declaration (Sealed) Ex. 1, ECF No. 10-1 (providing the basis for the jurisdiction and venue in the Fort Worth Division of the Northern District of Texas; due to the sensitive nature of that information, it was provided ex parte).

[2] Pet. Ex. B at 2, ECF No. 1-2.

pending appeal which the Court denied but the Court did stay its ruling, in part, to permit RIH to obtain relief from the Fifth Circuit.[3] RIH then moved the Fifth Circuit to stay this ruling pending its appeal. After considering RIH's motion, the Circuit denied that request and permitted enforcement of the subpoena. *See United States v. Rhode Island Hospital*, No. 26-10431 (5th Cir. May 12, 2026).

On May 4, 2026, the Child Advocate for the State of Rhode Island moved the United States District Court for the District of Rhode Island (the "Rhode Island court") to quash the subpoena that this Court ordered enforced.[4] On May 9, 2026, RIH filed a motion to intervene which the Rhode Island court granted.[5] On May 11, 2026, RIH filed its own motion to quash, arguing that the Enforcement Order could be collaterally attacked in Rhode Island.[6] Two days later, on May 13, the Rhode Island court granted both the Child Advocate's motion and RIH's motion and quashed the subpoena but concluded that the Enforcement Order entered by the undersigned remains in effect.[7] The Government has filed its notice of appeal of that decision to the First Circuit.[8] On May 18, this Court held a hearing related to these proceedings in which counsel for RIH agreed that the Enforcement Order was still in effect.

In short, the undersigned has concluded that the Government acted pursuant to its statutory authority and is engaged in a legitimate investigation. *See United States v. Zadeh*, 820 F.3d 746, 755 (5th Cir. 2016) ("The burden on the government can be fulfilled by a simple affidavit of an

---

[3] *See* Order, ECF No. 12.
[4] Emergency Mot. Quash, ECF No. 1, *In Re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital*, No. 1:26-mc-00007-MSM-AEM (D.R.I. May 4, 2026) (McElroy, J.) (hereinafter "*In Re: Administrative Subpoena*").
[5] *Id*. at ECF Nos. 17, 20.
[6] *Id*. at ECF No. 28.
[7] *Id*. at 23, ECF No. 44 ("In granting these Motions, this Court quashes the administrative subpoena—the instrument issued by DOJ—not the enforcement order entered by the Texas court.").
[8] *Id*. at ECF No. 46.

agent involved in the investigation." (citation modified)); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950) ("Administrative agencies have the "power of inquisition . . . analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."). On the other hand, the Rhode Island court has determined that the subpoena should be quashed because it lacks a congressionally authorized purpose and was issued for an improper purpose. *See In Re: Administrative Subpoena* at 14, 18.[9]

That means the undersigned has ordered RIH to turn over documents responsive to the Government's subpoena[10] and, after staying a portion of the Enforcement Order to permit RIH to seek a stay of enforcement, the Fifth Circuit concluded that the Enforcement Order should proceed pending its appeal. Meanwhile, the Rhode Island court has ordered the Government to refrain from acting to obtain responsive documents pursuant to the subpoena. *See In Re: Administrative Subpoena* at 24. Specifically, the Government has been enjoined from "seeking, receiving, using, retaining, or disseminating any patient-identifying information or protected health information produced by RIH in response to" the subpoena. *Id.* The First Circuit has yet to weigh in.

So what is permitted at this point? A close reading of Judge McElroy's order explains the path forward. Judge McElroy believes she did not collaterally attack the Enforcement Order. *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004) ("A 'collateral attack' is a tactic whereby a party seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court."); *see also Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1084 (W.D. Wash. 2018) ("The collateral attack doctrine directs that challenges to the orders, decisions, or judgments of a court other than

---

[9] Notably, the Rhode Island court does not dispute that venue for enforcement of the subpoena was proper in this Court.
[10] Order, ECF No. 2.

through [appeal or reconsideration] are generally improper, and to allow such collateral attacks would seriously undercut the orderly process of law."). The basis for Judge McElroy's belief appears to rest in the remedy she imposed. Her order expressly states that in granting the Motions to Quash she "quashes the administrative subpoena—the instrument issued by DOJ—not the enforcement order entered by the Texas court." *In Re: Administrative Subpoena* at 23. Judge McElroy further specified that the only entity governed by the terms of her order was the Government. *See id.* ("*DOJ* is hereby ENJOINED" (emphasis added)).

The only fair reading then is that Judge McElroy prohibited the DOJ from taking the specified actions related to obtaining documents from RIH but left the Enforcement Order otherwise in effect.  This narrow remedy leaves no question that this Court can vindicate the Enforcement Order, so long as the Government does not commit any of the prohibited acts. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991) (stating that courts' implied "powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'").

To date, RIH has proffered no reason in this case for its noncompliance with the subpoena or the Enforcement Order, beyond noting that the Government provided no search terms. Nor had RIH previously asserted any challenge to the subpoena, prior to the Enforcement Order. Over the course of nearly a year, RIH has produced only one six-page document. The Government has said that RIH had promised on several occasions to provide unobjected to documents in response to the subpoena but ultimately RIH provided none.[11] This non-compliance alone gave the Court pause as to RIH's intentions to comply with the subpoena. But now, RIH has also sought to circumvent

---

[11] Resp. Mot. Stay 1, ECF 11; Pet. Ex. A (Hsiao Deceleration) 19, ECF No. 1-2.

the authority of this Court and the Fifth Circuit and attempted to collaterally attack the Enforcement Order.[12]

Such flagrant attempts to avoid compliance with lawful orders leads the Court to conclude that it is necessary to hold the materials responsive to the subpoena *in camera* pending the outcome of the appeals. Such a step is necessary to ensure the preservation of the materials subject to the subpoena and the Court's assurance of RIH's compliance should the courts of appeals rule against RIH. *See Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) (upholding the "inherent authority of a court to enforce its orders by whatever means").

Therefore, in light of the parallel litigation, pending appeals, conflicting court orders, and RIH's refusal to produce responsive documents, the Court finds it necessary and prudent for RIH to turn over all responsive documents compliant with the Court's Enforcement Order to the undersigned. Such documents are to be held *in camera* by this Court, not available to the Government. As in cases where the parties dispute the production of privileged information or in interpleader actions, the Court takes possession of documents or other items to ensure that the parties' rights and obligations are not infringed, facilitates judicial resolution of the matter, and preserves the contested documents in their current form. *See Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302 (5th Cir. 1978) (holding that the district court's order to deposit the contested property in the court's registry "served to preserve the rights of all parties involved" and "the court's ability to render a meaningful decision on the merits").

**IT IS THEREFORE ORDERED** that RIH submit to this Court all materials that it would have turned over to the Government in compliance with this Court's Enforcement Order to be

---

[12] *See* RIH's Emergency Mot. Quash 22, ECF No. 28, *In Re: Administrative Subpoena 25-1431-032 to Rhode Island Hospital*, No. 1:26-mc-00007-MSM-AEM (D.R.I. May 4, 2026) (McElroy, J.) (arguing that this Court's Order is "void" and therefore subject to collateral attack).

secured and held *in camera*, inaccessible to the Government for the pendency of the appeals. RIH shall submit these materials in the form of USB flash drives or another similar medium as they become segregated. The first of these productions is due by **May 19, 2026 at 11:59 P.M CT.**

**IT IS FURTHER ORDERED** that RIH is entitled to seek reconsideration or file any other motion in this Court and to seek relief before the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court but not in front of any other court. To "avoid the waste of duplication . . . rulings which may trench upon the authority of sister courts, and . . . piecemeal resolution of issues that call for a uniform result[,]" RIH is hereby **ENJOINED** from seeking relief, encouraging others to seek relief, or cooperate with others in seeking relief from any other court related to these proceedings, and from aiding and abetting others or encouraging others from seeking relief from any other court but those identified above. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818–20 (1976); *See also* 1 MOORE'S MANUAL—FEDERAL PRACTICE AND PROCEDURE § 10A.43, at 3 (2026) ("[E]ven nonparties may be held in contempt if the nonparty has aided or abetted a party in a concerted violation of the injunction.").

**SO ORDERED** on this **18th day** of **May, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**